UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

JEDIDIAH BROWN, Plaintiff,

v.

AMIR A.H. SHAKUR, Defendant.

Case No. 1:26-cv-02388 **Honorable April M. Perry**



**FILED**

MAY 18 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

Defendant, Amir A.H. Shakur, appearing *pro se*, respectfully moves this Court to impose sanctions against Plaintiff's counsel, John C. Norkus, pursuant to Federal Rule of Civil Procedure 11(b) and (c). In support of this Motion, Defendant states as follows:

**I. PROCEDURAL COMPLIANCE: SAFE HARBOR PROVISION** Pursuant to Fed. R. Civ. P. 11(c)(2), Defendant served a copy of this Motion and a formal Notice of Intent upon Plaintiff's counsel via electronic mail (john.norkus@llgnational.com) on **March 6, 2026**. The mandatory twenty-one (21) day "Safe Harbor" period expired on **March 27, 2026**. As of the date of this filing, Plaintiff's counsel has had over sixty (60) days to withdraw or appropriately correct the challenged Complaint and has failed to do so. Evidence of this service is attached hereto as **Exhibit A**.

**II. GROUNDS FOR SANCTIONS** Rule 11(b) certifies that a claim is not being presented for an improper purpose and that the legal contentions are warranted by existing law. Counsel has violated these standards as follows:

1. **Bad Faith Assertion of Subject Matter Jurisdiction (28 U.S.C. § 1332):** Plaintiff improperly filed this action citing "Diversity-Personal Injury" and 28 U.S.C. § 1332. However, complete diversity is non-existent. Both the Plaintiff and the Defendant are citizens of the State of Illinois. Notably, Plaintiff has multiple other active cases currently pending in the State of Illinois in which he has explicitly declared an Illinois residence. Filing in a federal forum without a colorable basis for jurisdiction is a frivolous legal contention in violation of Rule 11(b)(2).

2. **Claims Barred by the Statute of Limitations:** The Complaint seeks relief for alleged statements occurring well beyond the applicable one-year statute of limitations for defamation in Illinois. By attempting to litigate stale, time-barred

content, Counsel has failed to conduct a reasonable inquiry into the legal viability of the claims.

3. **Violation of First Amendment Protections:** Defendant is an established digital broadcaster and community advocate. Under *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), the First Amendment protects Defendant's speech unless Plaintiff proves "actual malice." The Complaint fails to allege facts sufficient to meet this threshold, and Counsel's decision to pursue these claims is legally unwarranted.

4. **Improper Purpose (SLAPP):** This litigation is a Strategic Lawsuit Against Public Participation (SLAPP), presented for the improper purpose of harassing the Defendant and using the federal judicial system to stifle protected First Amendment activities and municipal advocacy.

**III. RELIEF REQUESTED** Defendant requests that the Court exercise its authority under Rule 11(c) to deter the filing of meritless and jurisdictionally deficient claims.

**WHEREFORE**, Defendant Amir A.H. Shakur respectfully requests that this Court:

1. Issue an Order finding that Plaintiff's counsel violated Rule 11(b);
2. Impose appropriate sanctions against Counsel, John C. Norkus;
3. Award Defendant reasonable expenses and costs; and
4. Grant any further relief the Court deems just and proper.

Dated: May 15, 2026 Respectfully Submitted,

*/s/ Amir A.H. Shakur* **Amir A.H. Shakur**, Defendant *Pro Se* [Your Mailing Address] [Your Phone Number] Email: amirshakurspeaks@gmail.com

---

**CERTIFICATE OF SERVICE** I hereby certify that on May 15, 2026, I electronically filed the foregoing Motion with the Clerk of the Court and served the same via electronic mail to: **John C. Norkus** (john.norkus@llgnational.com) **CC:** aboutchange@hotmail.com

*/s/ Amir A.H. Shakur*

# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

**JEDIDIAH BROWN**, Plaintiff, v. **AMIR A.H. SHAKUR**, Defendant.

**Case No. 1:26-cv-02388 Honorable April M. Perry**

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR RULE 11 SANCTIONS

Defendant, Amir A.H. Shakur, appearing *pro se*, submits this Memorandum of Law in support of his Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11 against Plaintiff's counsel, John C. Norkus.

## I. INTRODUCTION

Rule 11 of the Federal Rules of Civil Procedure is intended to deter frivolous litigation and ensure that legal filings are grounded in fact and law. Plaintiff's counsel has filed a complaint that is jurisdictionally deficient on its face, legally barred by the statute of limitations, and brought for the improper purpose of silencing protected First Amendment speech. Despite being given the mandatory 21-day safe harbor period to withdraw these claims, Counsel has refused to do so, necessitating this Court's intervention.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 11(b), by presenting a pleading to the court, an attorney certifies that to the best of their knowledge:

1. It is not being presented for any **improper purpose**, such as to harass or cause unnecessary delay;
2. The legal contentions are warranted by **existing law**; and
3. The factual contentions have **evidentiary support**.

The Seventh Circuit has held that Rule 11 "imposes an affirmative duty of reasonable investigation on an attorney." *Fred A. Smith Lumber Co. v. Edidin*, 845 F.2d 750 (7th Cir. 1988).

## III. ARGUMENT

### A. Counsel Asserted Subject Matter Jurisdiction in Bad Faith

Federal courts are courts of limited jurisdiction. Under 28 U.S.C. § 1332, "diversity jurisdiction" requires **complete diversity**; no plaintiff can be a citizen of the same state as any defendant.

Here, Plaintiff and Defendant are both citizens of Illinois. Plaintiff's counsel cited "Diversity-Personal Injury" as the basis for federal jurisdiction. However, a "reasonable inquiry" into the Plaintiff's own public filings in other Illinois courts would have revealed that the Plaintiff is a resident of Illinois. Filing in federal court without a colorable basis for jurisdiction is a hallmark of a frivolous filing.

### B. The Claims are Barred by the Statute of Limitations

In Illinois, the statute of limitations for defamation is **one year**. 735 ILCS 5/13-201. The Complaint seeks damages for statements that occurred well outside of this one-year window. An attorney's failure to check the statute of limitations before filing a complaint is a clear violation of the duty to conduct a reasonable legal inquiry. *See Brown v. Federation of State Medical Boards of the U.S.*, 830 F.2d 1429 (7th Cir. 1987).

### C. The Lawsuit is a SLAPP Designed for an Improper Purpose

Defendant is an established digital broadcaster and community advocate. Under the standard set in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), Plaintiff must allege and prove "actual malice."

The total lack of jurisdiction, combined with the pursuit of time-barred claims, demonstrates that this litigation is not a legitimate attempt to seek redress. Instead, it is a Strategic Lawsuit Against Public Participation (SLAPP) intended to harass the Defendant and stifle his reporting on municipal matters. Using the judicial process as a tool for harassment constitutes an "improper purpose" under Rule 11(b)(1).

## IV. CONCLUSION

Counsel's refusal to withdraw a jurisdictionally and legally dead complaint after the Safe Harbor period expired shows a disregard for the rules of this Court. Sanctions are necessary to deter such conduct in the future.

**Dated:** May 15, 2026

*Respectfully Submitted,*

*/s/ Amir A.H. Shakur* Amir A.H. Shakur, Defendant Pro Se