XC

**FILED**

JUN 09 2026 KC

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

Plaintext
JEDEDIAH BROWN, )
)
Plaintiff, )
)
v. ) Case No.: 1:26-cv-02388
)
AMIR A. H. SHAKUR, ) Honorable April M. Perry
)
Defendant. )
)

## DEFENDANT'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 AND REQUEST FOR MONETARY RELIEF

Defendant, Amir A.H. Shakur, respectfully moves this Court to issue formal sanctions, including a monetary award for expenses, against the Plaintiff, Jedediah Brown, pursuant to Federal Rule of Civil Procedure 11. In support thereof, Defendant states as follows:

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 11(b) dictates that by presenting a pleading to the court, a party certifies that the factual contentions have evidentiary support and that the lawsuit is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Under Rule 11(c)(4), if the Court determines that Rule 11 has been violated, it may impose an appropriate monetary sanction. This includes a directive for the violating party to pay a monetary penalty into the court, or an order directing direct payment to the movant for "part or all of the reasonable attorneys' fees and other expenses directly resulting from the violation."

## II. ARGUMENT & CONSIDERATION OF EVIDENCE

### A. The Uncontroverted Evidence of Fabricated Jurisdictional Facts

Plaintiff has committed a severe violation of Rule 11(b)(3) by certifying to this Court that complete diversity of jurisdiction exists. Defendant requests that this Court consider the following clear, objective evidence attached to Defendant's concurrently filed Omnibus Motion to Dismiss:

1. **Exhibit A (State Court Filings):** Public court dockets proving Plaintiff actively maintains an ongoing local residence at **15101 Blackstone, Dolton, IL**, utilizing it to conduct concurrent state-level litigation.
2. **Exhibit B (Constitutional Timeframes):** Documented public campaign records from July 2025 detailing Plaintiff's launch for a congressional seat in the State of Illinois. Under Article I, Section 2, Clause 2 of the U.S. Constitution, this demands state inhabitancy during the election cycle, serving as a formal, public statement of his permanent Illinois domicile.

Plaintiff deliberately misstated his citizenship solely to manufacture federal jurisdiction, forcing Defendant to expend time and resources defending a bad-faith action.

### B. Evidence of an Improper Retaliatory Motive

Per Rule 11(b)(1), this action was brought for an improper, harassing purpose. As proven by **Exhibit C**, Defendant currently has an active, ongoing **Civil Personal Injury lawsuit** pending against the Plaintiff in an alternate jurisdiction.

Plaintiff's federal complaint is a direct, retaliatory tactical maneuver designed to harass the Defendant, disrupt the pending personal injury litigation, and force a renowned digital news reporter to incur financial burdens for executing his First Amendment rights.

### C. Abuse of the Federal Forum and Improper Forum Shopping

The Plaintiff's deliberate choice to drag this dispute into the United States District Court must be heavily questioned and condemned by this Court. Plaintiff has purposefully circumvented the local Illinois state court system—where both parties are residents and where active litigation is already ongoing—in an explicit act of bad-faith forum shopping.

Plaintiff has intentionally utilized a prestigious federal forum not to seek legitimate judicial relief, but as a tactical megaphone to air completely unsubstantiated, frivolous grievances against a news reporter. By manufacturing a false out-of-state residency, Plaintiff has weaponized the federal judiciary to artificially increase litigation stakes, deplete the Defendant's professional resources, and waste the valuable time of this Federal Court on a matter that possesses zero federal subject-matter jurisdiction. This blatant disrespect for the boundaries of federal jurisdiction represents the exact type of procedural abuse Rule 11 was enacted to deter.

## III. ARGUMENT FOR A MONETARY SANCTION

Because Plaintiff's conduct has forced Defendant to divert time from his professional media operations and incur direct, out-of-pocket litigation expenses to counter these frivolous claims, a mere dismissal is insufficient to deter repetition.

An impactful **monetary award** is warranted here under Rule 11(c)(4). Defendant requests a financial penalty be levied against Plaintiff to compensate Defendant for all reasonable out-of-pocket expenses, travel, and costs directly resulting from defending against this bad-faith filing, alongside a punitive monetary fine to ensure the integrity of this judicial district is upheld.

## IV. CONCLUSION

**WHEREFORE**, Defendant Amir A.H. Shakur respectfully requests that this Court consider the evidence and enter an Order:

1. **GRANTING** this Motion for Sanctions;
2. **DISMISSING** Plaintiff's Complaint in its entirety with prejudice;
3. **ORDERING** a monetary award and penalty against Plaintiff Jedediah Brown, payable directly to Defendant, to cover all out-of-pocket expenses and litigation costs incurred; and
4. **GRANTING** Defendant any further relief this Court deems just, proper, and equitable.

Dated: June 8, 2026

Respectfully submitted,

/s/ Amir A.H. Shakur

250P62389

☐ 0012 Petition for Stalking No Contact Order (12/01/24) CCG 0812 B

individuals intending to create hostile environment leading to a physical brawl and temporary incarceration in bad faith

Additional Incident Date: 7-25 - 12-21-25 Time: ______ ◉ AM ◉ PM Location: Various

Description:
Respondent sent several messages through social media, electronic means, and 3rd party communications promising further attacks

○ Police report not made ○ Police report made Police Report no.: ______ - No proof

Remedies Requested

Petitioner requests that the court find that the following are protected persons:
JEDEDIAH BROWN, RAHEEM SHACKS, DWAYNE PERKINS

Wherefore, Petitioner requests the entry of a Stalking No Contact Order setting forth the following remedies:

(b) ☒ (1) The Respondent is prohibited from threatening to commit stalking or committing stalking.

(b) ☒ (2) The Respondent is prohibited from having any contact with Petitioner and/or (If minor child, list only initials): 3rd party nor via social media harassment

(b) ☒ (3) The Respondent is prohibited from knowingly coming within, or knowingly remaining within, 1000 feet of Petitioner's ☒ Residence ☐ School ☐ Day care ☐ Place of employment. or ☒ Person

Said addresses are: ______

(b) ☐ (3) (Actual notice to Respondent required) The Respondent is prohibited from remaining at Respondent's own ☐ Residence ☐ School ☐ Place of employment. Said addresses are: ______

(b) ☒ (4) The Respondent is prohibited from possessing a Firearm Owner's Identification Card or possessing or buying firearms.

(b) ☒ (5) The following other injunctive relief is granted: Sanction of vexation litigation in courts

(c) ☒ That the Respondent be ordered to pay the Petitioner's costs, including attorney fees. (Remedy available only if Stalking No Contact Order is granted.)

______ Signature of Attorney or State's Attorney

[signature] Signature of Petitioner

Under the penalties of perjury and as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters stated to be on information and belief and as to such matters the undersigned believes the same to be true.

○ Atty. No.: ______ ☒ Pro Se 99500

Name: JEDEDIAH BROWN

Atty for: ______

Address: 15701 BLACKSTONE

City: DOLTON State: IL Zip: 60417

Telephone: ______

Primary Email: aboutchange@hotmail.com

Secondary Email: ______

Tertiary Email: ______

Date: 12/22/25

[signature] Signature of Petitioner

Mariyana T. Spyropoulos, Clerk of the Circuit Court of Cook County, Illinois

JEDIDIAH

BROWN

FOR CONGRESS


14122
MAYOR
Jason House
6